LOKEN, Circuit Judge,
dissenting.
Doubtless troubled by the prospect of inconsistent federal and state court decisions construing Capitol Indemnity Corporation’s insurance policy, the court misapplies the Supreme Court’s decision in Wilton v. Seven Falls Co., 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995), in a way that threatens to restrict federal court jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201. I respectfully dissent.
In Wilton, following a state court judgment holding an insured liable to third parties, the insurer filed a federal court action seeking a declaratory judgment that its liability policy did not provide coverage. Because the suit was filed one day after the insured gave notice it would sue the insurer to recover under the policy in state court, the federal court stayed the declaratory judgment action during the pendency of the parallel state court proceeding. In affirming, the Supreme Court emphasized the discretionary nature of a decision whether to stay an action properly commenced under the Declaratory Judgment Act:
Like the Court of Appeals, we conclude only that the District Court acted within its bounds in staying this action for declaratory relief where parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court. 515 U.S. at 290,115 S.Ct. 2137.
Procedurally, this case is very different from Wilton. First, Capitol Indemnity filed its declaratory judgment action before there was a judgment against its insureds, the Haverfields. Second, there were no “parallel proceedings in state court,” that is, proceedings placing the coverage question in issue, for months after this declaratory judgment action was filed. Third, when the Hunts finally moved to stay or dismiss some nine months after the declaratory action began, the case was nearly ready for trial. The district court denied the motion, explaining:
Upon review of the record before it, the Court notes that Capitol filed the instant Complaint for Declaratory Judgment on February 27, 1998, nearly five months before the Hunts obtained a judgment in state court, and nearly six months before they filed their Petition to Collect Insurance. This case has been advancing for approximately eleven months, and is set for trial on May 3, 1999. The Court will therefore continue to exercise jurisdiction in this matter, and deny the Hunts’ motion to dismiss.
In my view, we have no valid basis for concluding that the district court abused its discretion to entertain this Declaratory Judgment Act lawsuit. True, at the time the district court denied the motion to stay or dismiss, there was a parallel state court proceeding putting the policy coverage question at issue. But under Wilton that is simply a necessary predicate for declining to exercise Declaratory Judgment Act jurisdiction. In concluding the district court abused its discretion, this court notes that “both actions were governed solely by state law.” That is often true when there are parallel federal and state court proceedings. The court then asserts that “the state court was in the better position to adjudicate the matter.” But why? The federal action was filed first and presumably was closer to final disposition in the trial court. If the court is suggesting that Declaratory Judgment Act cases involving issues of state law must always be stayed or dismissed if there is a later-filed parallel action in state court, it has severely re *877 stricted this statutory jurisdiction in unprecedented fashion.
Since Wilton, at least two of our sister circuits have affirmed the exercise of Declaratory Judgment Act jurisdiction when insurance coverage was at issue and the federal action was filed first. See American Cas. Co. v. Krieger, 181 F.3d 1113, 1117-20 (9th Cir.1999); United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 493-94 (4th Cir.1998). My research has uncovered 378 decisions citing Wilton. Not one of those decisions reversed a trial court for exercising its jurisdiction.
Some months after denying the motion to stay or dismiss, the district court granted summary judgment in favor of Capitol Indemnity, unaware that the state trial court had granted summary judgment deciding the coverage issue in favor of the Hunts some twelve days previously. The Haverfields and the Hunts do not raise on appeal the issue of whether the district court, or this court, should have deferred rendering a final decision in this Declaratory Judgment Act case until after the initially inconsistent state trial court decision became final on appeal. Instead, appellants argue only (i) that the district court abused its discretion in denying their earlier motion to stay or dismiss, and (ii) that the district court’s interpretation of the Capitol Indemnity policy was wrong on the merits. In my view, a development that occurs after the district court properly exercises its jurisdiction, such as inconsistent initial rulings in the parallel federal and state court proceedings, is insufficient reason to reverse the initial exercise of discretion, thereby knocking askew the Eighth Circuit law interpreting and applying a federal statute, the Declaratory Judgment Act.
I conclude the district court did not abuse its discretion in denying the motion to stay or dismiss. I further conclude the district court properly granted summary judgment in favor of Capitol Indemnity for the reasons stated in its May 3, 1999, Memorandum and Order. I would therefore affirm, leaving for another day (and perhaps for another court) whether there are inconsistent state and federal court final judgments, and if so, which judgment is enforceable under full faith and credit principles.